UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES BRADY,
          Plaintiff,

v.                                        CIVIL ACTION NO. 12-40064-FDS

B.J. KRINTZMAN,
          Defendant.

## MEMORANDUM AND ORDER

SAYLOR, D.J.

### I. INTRODUCTION

On May 21, 2012, Plaintiff James Brady ("Brady"), a resident of Northborough, Massachusetts, filed a skeletal self-prepared Complaint against Attorney B.J. Krintzman, a resident of Mashpee, Massachusetts. The Complaint is not entirely coherent and fails to set forth the context of his allegations; however, from what can be gleaned, the Defendant is the attorney for Brady's wife in connection with divorce proceedings in the state court. Brady alleges that Attorney Krintzman slandered and libeled him by e-mailing his attorney stating that Brady had admitted to stealing jewelry and a phone, and by calling him a stalker. Brady asserts diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332; however, in his Civil Cover Sheet, he has checked off the box indicating his claim raises a federal question. He seeks $50,000.00 in damages for defamation.

Brady paid the $350.00 filing fee and the clerk issued a summons on May 21, 2012.

On June 1, 2012, the Defendant filed a Motion to Dismiss (Docket No. 4). In the Memorandum in Support (Docket No. 5), the Defendant alleges that this Court lacks subject matter jurisdiction and for failure to state a plausible claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Although Brady has asserted subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and alleges that there is a federal question involved, it is clear that this Court lacks subject matter jurisdiction. In order to proceed with an action in federal court, a plaintiff must demonstrate that there is either: (1) federal question jurisdiction; or (2) diversity jurisdiction. *See* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

Here, Brady has alleged defamation as his cause of action against Attorney Krintzman. This claim is based on state tort law and does not invoke the federal question jurisdiction of this Court under 28 U.S.C. § 1331. Moreover, there is no *bona fide* diversity jurisdiction here. District courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). In this case, Brady alleges that both parties are residents (and presumed citizens) of Massachusetts. Thus, there is no diversity of citizenship.

Finally, there is no diversity jurisdiction because Brady cannot meet the jurisdictional amount in controversy, as he has claimed his damages are $50,00.00. The amount specified by the plaintiff controls for jurisdictional purposes, as long as that amount is asserted in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). A court may dismiss an action for insufficiency of the amount in controversy only when, "from the face of the pleadings, it is apparent, to a legal certainty, ... that the plaintiff never was entitled to recover" a sum in excess of the jurisdictional minimum. *Id.* at 289; *accord Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001). Here, it is clear from the face of the Complaint that the amount in controversy does not

exceed $75,000.00.

Accordingly, for the failure to set forth a basis for federal question jurisdiction or diversity jurisdiction (both as to citizenship and as to the amount in controversy), the Defendant's Motion to Dismiss (Docket No. 5) is well-founded and is <u>ALLOWED</u>; this action is <u>DISMISSED</u> in its entirety.

In light of the dismissal for lack of subject matter jurisdiction, this Court need not address Defendant's alternative argument under Rule 12(b)(6) of the Federal Rules of Civil Procedure (*i.e.*, that the Complaint fails to meet the pleading standards under the standard set forth in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007)).[1]

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Defendant's Motion to Dismiss (Docket No. 4) is <u>ALLOWED</u>; and

2. This action is <u>DISMISSED</u> in its entirety for lack of subject matter jurisdiction.

SO ORDERED.

DATED: 6/27/12

TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

---

[1] In addition to arguing that the Complaint fails to allege sufficient facts to support Plaintiff's claims, Defendant argues that he is entitled to application of the absolute litigation privilege. This privilege shields an attorney engaged in the practice of law from liability for allegedly defamatory statements made during the course of a judicial proceeding or in the context of contemplating a judicial proceeding provided the statements relate to that proceeding.